UNITED STATES BANKRUPTCY COURT FOR
THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 11 |
| | : | |
| 21 DROPS, LLC, | : | CASE NO. 21-21960-MAM |
| | : | |
| Debtor. | : | |

**UNITED STATES TRUSTEE RESPONSE TO DEBTOR'S REQUEST
FOR JUDICIAL DETERINATION OF CONFLICT (ECF #63)**

MARY IDA TOWNSON, United States Trustee, in furtherance of the administrative responsibilities imposed pursuant to 28 U.S.C. §586(a), files her response to the Debtor's Request for Judicial Determination of Conflict (the "Request") (ECF #63). In support thereof, the United States Trustee states as follows:

**PRELIMINARY STATEMENT**

1.  The Debtor filed this Request seeking a Court determination regarding whether its desired counsel, Busch Mills Slomka, LLP (the "Firm") has a conflict of interest and, therefore, unable to be employed as counsel pursuant to 11 U.S.C. § 327.

2.  The Debtor argues that, despite the fact the Firm represented an equity holder in pre-petition litigation against other equity holders, the Firm has no conflict of interest and its employment should be approved.

3.  The United States Trustee submits that, based on the prepetition and post-petition facts and circumstances and statements made in the Request and other pleadings, the Firm has an

1

interest adverse to the estate resulting in a conflict of interest preventing its employment under 11 U.S.C. §§ 327(a) and (c)[1].

## BACKGROUND

4. The Debtor filed a Chapter 11 Subchapter V petition on December 23, 2021. The Debtor filed a skeletal petition, listing only eight parties on its creditor matrix (ECF #1).

5. The petition was signed by Kavita Shai, as President.

6. On December 28, 2021, the United States Trustee appointed Aleida Martina-Molina as Subchapter V trustee (ECF #4).

7. On December 30, 2021, the Debtor filed a Case Management Summary (ECF #10). The Case Management Summary disclosed that the reason for filing the Chapter 11 bankruptcy was as follows:

> 5. Reasons for filing chapter 11:
> Unable to make take a loan or run business due to a shareholder that is uncoperative and has not returned formulas or distribution to help pay debt. Supply chain disruption that led to excessive shipping costs.

8. On January 7, 2022, the Court entered an order dismissing the case for Debtor's failure to timely file various pleadings, including a list of 20 largest unsecured creditors and small business documents (ECF #13).

9. On January 24, 2022, the Court reinstated the Chapter 11 case after the Debtor filed its required pleadings (ECF #26).

---

[1] The United States Trustee notes that the Debtor has not filed an application to employ the Firm at this time, however, assuming an application were to be employed the United States Trustee would file an objection which would then result in the operation of 11 U.S.C. § 327(c).

10. The Debtor's schedules, signed by Kavita Sahai under penalty of perjury and filed on January 13, 2022 (ECF #18), disclosed the following:

    a. Assets totaling $143,700 comprised of the following general items:
        i. Cash $28,000
        ii. Accounts Receivable $22,000
        iii. Inventory $41,700
        iv. Intangibles $2,000
        v. Other (undescribed) $50,000
    b. No secured debt
    c. Priority unsecured debt totaling $130,000 all due to Kavita Sahai as wages, salaries and commissions
    d. General unsecured debt totaling $21,440, comprised of
        i. Chase Credit Card $1,440
        ii. Kavita Sahai $20,0000

11. The Statement of Financial Affairs, Question 28 lists the following equity ownership:

28. List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| Kavita Sahai | 280C SW Natura Avenue, Deerfield Beach, FL 33441 | | 14.7 |
| Richard F. Caster 2009 Caster Trust c/o Cary Caster Trustee | 1011 Vista Del Mar Drive, Delray Beach, FL 33483 | | 17.15 |
| Richard Caster Family 2007 Irrevokable Trust c/o Andrew Caster, Trustee | 9100 Wilshire Boulevard Suite 265 E, Beverly Hills, CA 90212 | | 8.575 |
| Cary M. Caster 2010 Irrevocable Trust c/o Richard Caster, Trustee | 1011 Vista Del Mar Drive, Delray Beach, FL 33483 | | 8.575 |
| Turtle Tail, LLC | 555 Croton Road Suite 307, King Of Prussia, PA 19406 | | 51 |

12. The List of Equity Shareholders states that Ms. Sahai is president and that Richard F. Caster 2009 Caster Trustee, Cary M. Caster 2010 Irrevocable Trustee (jointly, the "Casters") and Turtle Tail, LLC are common shareholders.

13. The Debtor filed a second Case Management Summary on January 14, 2022 (ECF #25), which provided information that is different than what is disclosed on the schedules. For example, the Case Management Summary indicates that Ms. Sahai is owed accrued wages in an

3

amount that differs from the schedules as well as sales taxes owed to the State of Florida in the amount of $450. Additionally, the assets listed on question 9 of the Case Management Summary differ from that described in the schedules.

14. A third Case Management Summary was filed by the Debtor on February 28, 2022 (ECF #47). This Case Management Summary also provided information different than what was disclosed on the schedules. According to this new document, questions 8 and 9 claim the following:

> 8. Amounts owed to various creditors:
>
>    a. Obligations owed to priority creditors including priority tax obligations:
>
>    IRS have filed an estimated tax claim of $11,600.00 which Debtor disputes.
>
>    Kavita Sahai is owed salary of $142,000.00.
>    Kavita Sahai is owned a loan of $200,000.00
>
>    b. With respect to creditors holding secured claims, the name of and amounts owed to such creditors and a description and estimated value of all collateral of the debtor securing their claims, and
>
>    None
>
>    c. Amount of unsecured claims:
>
>    $699.00
>
> 9. General description and approximate value of the debtor's assets:
>
>    Claims against shareholders $32,000
>    Inventory                  $20,824
>    Cash in bank account       $28,000
>    Intellectual Property      $ 2,000

15. On March 4, 2022, more than two and one-half months after the petition date, the Debtor filed its Application to Employ Busch Mills & Slomka as Attorney (the "Application") (ECF #49). The Application was not signed by the Debtor, but rather by the Firm. Attached to the Application was a copy of an Engagement Letter required to be filed with the Court pursuant to Local Rule 2014-1(A).

16. The Engagement Letter disclosed the following information:

   a. The Engagement Letter was dated October 6, 2020, more than 14 months prior to the bankruptcy petition date.

   b. The Engagement Letter does not mention the filing of a bankruptcy case.

   c. The Engagement Letter indicates that the Firm was retained by both Ms. Sahai and the Debtor in relation to a membership dispute regarding the Debtor.

> In order to ensure from the outset that we both have a clear understanding of how we will work together to accomplish your objectives, it is our practice to memorialize in writing the identity of our client, the scope of our engagement and the nature or absence of any conflicts of interest. Accordingly, this letter reflects our understanding that we have been engaged by you and 21 Drops LLC in a membership dispute regarding 21 Drops LLC.

17. On March 25, 2022, the United States Trustee filed her objection to the Application (ECF #57).

18. On April 4, 2022, the Court entered an order denying approval of the Application without prejudice (ECF #61).

19. On April 8, 2022, the Debtor filed the Request. The Request provides the following additional facts not previously disclosed:

   a. Turtle Tail, LLC owns 51% of the Debtor but allegedly is not actively involved in the operations.

   b. Ms. Sahai purchased the interests of Turtle Tail, LLC in order to have a controlling interest in the Debtor.

   c. The Debtor's remaining equity disputes the validity of the purchase of equity in Turtle Tail, LLC by Ms. Sahai.

  d.  Turtle Tail, LLC and Ms. Sahai retained the Applicant to resolve disputes with the other equity interests.

  e.  Litigation in Palm Beach initiated by the Applicant on behalf of its clients was dismissed without a determination of the merits.

  f.  The litigation ended on our about June 5, 2021 some 6 months prior to the bankruptcy petition.

  g.  The Firm claims that its representation of the parties terminated at that time (June 5, 2021).

  h.  The Firm did not obtain a new Engagement Letter when it prepared the bankruptcy petition on behalf of the Debtor.

20. On April 14, 2022, the Casters filed a Motion to Dismiss Case for Lack of Good Faith and Related Relief (the "Motion to Dismiss") (ECF #65). Attached as Exhibit "C" to the Motion is a letter dated July 13, 2021 from the Firm to counsel for the Casters wherein counsel threatened to file bankruptcy on behalf of 21 Drops, LLC.

> If we cannot reach an agreement in any other way, my client is prepared to put the company into bankruptcy. It clearly has debts that currently exceed its assets. If we do file bankruptcy, the entire company would come under the jurisdiction of the bankruptcy court. The bankruptcy court venue would be Palm Beach County, and that venue would supersede the venue provisions in the operating agreement. Once in bankruptcy, whether in a Chapter 7 or a Chapter 11, all of the assets of the company would come under the jurisdiction of the bankruptcy court. Once in bankruptcy, 21 Drops or a bankruptcy trustee could file claims against the Casters for the monies that they received and the value of the property that Cary Caster took. I truly believe that the Casters would be better off trying to work with us rather than have a bankruptcy trustee coming after them. Additionally, Ms. Sahai could buy the company from the bankruptcy trustee and would take 100% of the ownership.

21. In the Motion to Dismiss, the Castors further allege that the Debtor has used the credit of Ms. Sahai's spouse without Court authority.

## ARGUMENT

22. A debtor in possession has all the rights and powers of trustee and is obligated to perform all the functions and duties of a trustee. 11 U.S.C. § 1107(a).

23. Bankruptcy Code § 1107(a) and § 327 and Bankruptcy Rule 2014(a) govern the employment of professionals to represent or assist the debtor-in-possession in carrying out its duties under Title 11. Section 327 provides in pertinent part as follows:

> (a) Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys...that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.
> (c) In a case under chapter 7, 12, or 11 of this title, a person is not disqualified for employment under this section solely because of such person's employment by or representation of a creditor, unless there is an objection by another creditor of the United States trustee, in which case the court shall disapprove such employment if there is an actual conflict of interest.

24. Bankruptcy Code Section 101(14) defines a disinterested person to be a "person that

> (A) is not a creditor, an equity security holder, or insider;
> (B) is not and was not, within 2 years before the date of filing of the petition, a director, officer or employee of the debtor; and
> (C) does not have an interest materially adverse to the interest of the estate or of any class of creditor or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in the debtor, or for any other reason."

25. The Court has an independent duty to ensure that counsel employed pursuant to § 327(a) is disinterested and does not represent an interest adverse to the estate. *In re Git-n-Go, Inc.* 321 B.R. 54 (Bankr. N.D.Ok. 2004). "Conflicts of interest are prohibited by Sections 327(a) and 328(c) of the Bankruptcy Code…These provisions create an ongoing duty on the part of all professionals hired by the estate to avoid conflicts of interest." *In re Creative Desperation, Inc.,* 415 B.R. 882, 896 (Bankr. S.D.Fla. 2009).

7

26. While the Bankruptcy Code does not define "adverse interest," courts have held that a representation by counsel between parties that have competing interests results in a conflict in interest and an adverse interest to the estate. An adverse interest would include "an economic interest that would tend to lessen the value of the bankruptcy estate or that would create either an actual or potential dispute in which the estate is a rival claimant...or...a predisposition under the circumstances that render such a bias against the estate." *In re Prince*, 40 F.3d 356, 361 (11th Cir. 1994) quoting, *In re Roberts*, 46 B.R. 815, 822-823 (Bankr. D.Utah 1985). See also, *In re Rusty Jones, Inc.*, 134 B.R. 321 (Bankr. N.D.Ill. 1991); *In re Rivers*, 167 B.R. 288 (Bankr. N.D.Ga. 1994). "An actual conflict exists if there is 'an active competition between two interests, in which one interest can only be served at the expense of the other.'" *Id* at 58., citing *In re BH & P, Inc.*,103 B.R. 556, 563 (Bankr. D.N.J. 1989), aff'd in pertinent part, 119 B.R. 35 (D.N.J. 1990).

27. "While the use of adverse interest differs slightly between section 327(a) and section 101(14) (in section 327(a) the professional must not hold or represent an interest adverse to the estate, while to be disinterested, the professional must not have an interest materially adverse to the interest of the estate, or any class of creditors or equity holders), courts have generally combined them and stated that adverse interest test is objective and precludes 'any interest or relationship, however slight, that would even faintly color the independence and impartial attitude required by the Code and Bankruptcy Rules'." *In re Nilhan Developers, LLC,* 2021 Bankr. LEXIS 1036, 2021 WL 159354 (Bankr. N.D.Ga. 2021) citing *In re Black & White Stripes, LLC*, 623 B.R. 50 (Bankr. S.D.N.Y. 2020) (quoting *In re Granite Partners, L.P.*, 219 B.R. 22,33 (Bankr. S.D.N.Y. 1998)). "In determining whether a professional holds an adverse interest, the issue is whether he was able to make unbiased or impartial decisions in the best interest of the estate." *In re Fundamental Long Term* Care, 613 B.R. 484, 492 (Bankr. M.D.Fla. 2020 ) citing, *In re New River*

*Dry Dock, Inc*., 497 Fed. Appx. 882, 887 (11th Cir. 2012). The United States Trustee submits that the facts disclosed in the Request clearly demonstrate that the Firm represents both the interests of the Debtor and Ms. Sahai. The Firm also provided new information now disclosing that it currently represents or previously represented another entity, Turtle Tail, LLC. Despite its claim that the Firm ceased representing the parties in June, 2021, the Castors provided documentation establishing that that the Firm, in July 2021, on behalf of Ms. Sahai, the Debtor and Turtle Tail, LLC threatened to place 21 Drops, LLC into a bankruptcy if the Castors refused to settle.

28. The United States Trustee further notes the many discrepancies in the schedules and documents filed with the Court regarding the actual debt owed to creditors. The Firm has prepared the documents, each showing different amounts due to Ms. Sahai, debt owed to taxing authorities not disclosed on schedules and post-petition borrowings without Court authority. Ms. Sahai signed the documents as being true and correct under penalty of perjury. The Debtor has a fiduciary obligation to vet the actual creditors, disclose which are disputed and which are actually owed money. It is clear from a review of the documents that the Firm and the Debtor are unable to fairly state what is owed to Ms. Sahai and whether it is actual or disputed. The only reason the United States Trustee can find for this failure is because the Firm also represents Ms. Sahai's interests in this matter.

29. The Firm cannot represent the Debtor and act impartially with respect to creditors and equity as a result of its prior representations of Ms. Sahai. Simply put, the Firm cannot serve two masters.

30. Furthermore, pursuant to 11 U.S.C. §327(c), upon objection filed by the United States Trustee or a creditor and upon the finding of an actual conflict of interest, the Court must deny approval of employment of bankruptcy counsel under §327(a). While there may be situations

allowing for counsel to represent both a Debtor and a creditor, such as allowing counsel to represent parties in matters unrelated to the bankruptcy proceeding or if there exists a large bankruptcy case "where every competent professional in a particular field is already employed by a creditor or party in interest," the facts in this proceeding do not rise to the level of such an exception.

31. Applicant's request to represent the Debtors should be denied. *In re Big Mac Marine, Inc.*, 326 B.R. 150 (B.A.P. 8th Cir. 2005). In *Big Mac Marine*, counsel for the Debtor represented both the Debtor and the largest creditor in the case, who were also the shareholders. Upon objections filed by the United States Trustee and the secured creditor in the case, the bankruptcy court held that counsel could not represent both parties without having conflicting allegiances and denied approval. Later, counsel sought to have the order denying approval of employment vacated and filed a fee application. The bankruptcy court refused to vacate the order and denied the request for fees. On appeal, the Bankruptcy Appellate Panel for the 8th Circuit affirmed the bankruptcy court, holding that counsel had an actual conflict of interest at the time and could not represent the debtors under section 327(c). "If employed as counsel for the Debtor, he would also have an obligation to represent all Debtor's creditors and objectively analyze the validity of the...claims, or indeed to being a creditor at all...Multiple representation in these two cases was out of the question." *Id.* at 154-55.

32. The same facts apply to this case. Applicant needs to objectively analyze claims of all parties, including claims held by the estate against others. Applicant cannot objectively determine whether the claim held by Ms. Sahai is valid or whether this estate has a claim against Ms. Sahai when it is counsel for both entities.

**CONCLUSION**

33. Pre-petition, the Firm represented Ms. Sahai, the Debtor and possibly Turtle Tail, LLC in litigation against the Castors. The Firm, on behalf of its clients threatened to place the Debtor into bankruptcy in order to continue if the Castors would not settle. Upon the filing of the petition, the only significant creditor listed is Ms. Sahai. The amounts allegedly due to Ms. Sahai are different in every pleading. Based on the information provided by the Debtor, the Firm and the Castors, and despite argument to the contrary, the Firm appears to still represent Ms. Sahai and possible Turtle Tail, LLC. The Debtor seeks approval to have the Firm represent the Debtor as bankruptcy counsel pursuant to 11 U.S.C. §327(a). Applicant has an actual conflict of interest and therefore is not disinterested. Pursuant to §327(c), upon objection filed by the United States Trustee or a creditor, if the Court finds an actual conflict of interest, the Court must deny approval of employment of counsel.

WHEREFORE, the United States Trustee files this response to the Debtor's Request and respectfully requests to be heard and to grant such other relief as the Court deems just and proper.

MARY IDA TOWNSON
United States Trustee

  */s/ Heidi A. Feinman*
HEIDI A. FEINMAN
Trial Attorney
Florida Bar No. 0879460

Office of the U.S. Trustee
51 SW 1st Avenue
Room 1204
Miami, FL 33130
(305) 536-7285

11

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the **UNITED STATES TRUSTEE RESPONSE TO DEBTOR'S REQUEST FOR JUDICIAL DETERINATION OF CONFLICT (ECF #63)** was electronically filed with the Court using the CM/ECF system, which sent notification to all parties of interest participating in the CM/ECF system.

| | |
|---|---|
| Aleida Martinez-Molina | Martinez@SubV-Trustee.com, katherine@axslawgroup.com |
| Clive N. Morgan | cmorgan@buschmills.com, pleadings@buschmills.com |
| John S Schank | jschank@fwblaw.net |
| David Neal Stern | dnstern@fwblaw.net, twolosh@fwblaw.net; jbnoonan@fwblaw.net |

Done this the 22nd day of April 2022.

　　　　　　　　　　　　　　　　　　　　　　　/s/ *Heidi A. Feinman*
　　　　　　　　　　　　　　　　　　　　　　　HEIDI A. FEINMAN
　　　　　　　　　　　　　　　　　　　　　　　Trial Attorney

Office of the U.S. Trustee
51 SW First Avenue Miami, FL 33130
(305) 536-7285